UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN M BORRELLI,<br><br>    Plaintiff,<br><br>    v.<br><br>CUTERA, INC.,<br><br>    Defendant. | Case No. 20-cv-04046-SI<br><br>**ORDER GRANTING DEFENDANT CUTERA'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 16 |

On August 18, 2020, defendant Cutera, Inc. ("Cutera") filed the instant motion to dismiss the complaint of plaintiff Jean M. Borrelli, A.P.N., Ltd., doing business as "Medical Aesthetics, Ltd." ("Medical Aesthetics"). Dkt. No. 16. Pursuant to Local Rule 7-1(b) the Court finds the motion is appropriate to be decided on the papers and vacates the October 30, 2020 hearing. The Court GRANTS defendant's motion and leave to amend is GRANTED.

Plaintiff is a small medical spa owned and operated in Chicago, Illinois. Dkt. No. 1 ¶ 5. Plaintiff purchased two medical laser devices from defendant: the Enlighten and the TruSculpt. The complaint alleges defendant advertised Enlighten as a laser to be used for tattoo removal, treatment of hyper pigmentation, the "Pico Genesis" procedure to improve skin quality and texture, wrinkle reduction and removal, pore size reduction, and more. Dkt. No. 1 ¶ 16. While the TruScuplt was allegedly advertised to plaintiff as a means to "melt fat from a person's body, make them appear noticeably thinner, and 'take control of every curve – big or small.'" Dkt. No. 1 ¶ 3.

Plaintiff alleges both machines were purchased based on various representations made by defendant that proved false when the machines were put into use. Dkt. No. 1 ¶¶ 2-3.

With respect to the Enlighten, plaintiff alleges:

> The Enlighten delivered to Medical Aesthetics was a lemon. From the beginning, the Enlighten would consistently malfunction, shut down and display "error codes," and require big-ticket repairs. Cutera attempted to repair the Enlighten at times but, invariably, the repairs were insufficient or the Enlighten would quickly break down again. The Enlighten never consistently worked correctly…By charging for service and repair assistance, Cutera makes money not only on the sale of the laser device, but also through the lucrative repair service industry of its defective products.

Dkt. No. 1 ¶¶ 22-29. Plaintiff further alleges it was induced into purchasing "Cutera bucks" with the Enlighten that were ultimately "worthless" and Cutera "knew [them] to be worthless." Dkt. No. 1 ¶¶ 40, 71.

For the TruSculpt, plaintiff alleges Cutera represented

> the TruSculpt's fat reduction results could be achieved in as little as three treatments. In fact, these statements were not true…Cutera made the bogus representations about the TruSculpt's efficacy on fat reduction in printed marketing materials, online through websites and emails, in-person during the 'educational seminars' Cutera hosted around the country… Cutera knew its claims regarding the TruSculpt's fat melting and fat controlling abilities were false and misleading and recklessly continued to aggressively market the TruSculpt to med-spas like Medical Aesthetics.

Dkt. No. 1 ¶¶ 44-47.

Plaintiff filed the complaint on June 18, 2020, alleging ten causes of action. On August 18, 2020, defendant moved to dismiss claims 3, 4, 5, 8, 9, and 10. Dkt. No. 16. In plaintiff's opposition, plaintiff agreed claims 4, 5, 9, and 10 should be dismissed because Illinois law applies, and these causes of action were plead under California law. Dkt. No. 26 at 7[1]. Thus, the only remaining two causes of action for the Court to consider are 3 and 8 – claims brought under Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFDBP").

Defendant argues plaintiff's third and eighth causes of action are based in fraud and therefore FRCP 9(b)'s heightened pleading standard applies. Dkt. No. 16 at 14-15. In response, plaintiff argues (1) defendant "exaggerates" the requirements of FRCP 9(b) and (2) the complaint need not plead fraud with heighted particularity because the ICFDBP can be alleged as unfair and/or deceptive. *Id*. at 6.

Plaintiff's complaint, as plead, alleges fraud. If plaintiff wishes to bring claims based on "unfair" practices, then plaintiff must breakout and make clear what it claims is unfair, and therefore

---

[1] For ease of reference, page number citations refer to the ECF branded number in the upper right-hand corner of the page.

falls outside of FRCP 9(b) and what it alleges is deceptive. With respect to the allegedly deceptive practices, the heighted pleading standard applies and plaintiff does not meet that burden. For example, the complaint refers to various meetings, dinners, and representations made by Cutera employees but gives no information regarding when these representations were made, who specifically made them, or who they were made to.

As such, the 3rd and 8th causes of action are hereby DISMISSED without prejudice. Further, the 4th, 5th, 6th, and 9th causes of action are dismissed WITH prejudice. Any amended complaint shall be filed on or before November 20, 2020.

**IT IS SO ORDERED**.

Dated: October 29, 2020

_____
SUSAN ILLSTON
United States District Judge